EXPLANATION
 

 ANITA B. BRODY, District Judge.
 

 Plaintiff originally filed this action in state court. Defendants filed a notice of removal, citing jurisdiction based on diversity. Plaintiff has not responded to the notice. After the Rule 16 conference, I looked into the question of whether, in light of the fact that the dispute centered around a Marital Settlement Agreement, the federal court should exercise jurisdiction in this case. Although plaintiff has not objected to removal, because the domestic relations exception to federal jurisdiction is a question of subject matter jurisdiction, I believe I must examine it regardless of whether or not it was raised by plaintiff.
 

 In
 
 Solomon v. Solomon,
 
 the Third Circuit held that “federal courts do not have jurisdiction in domestic relations suits except where necessary to the effectuation of prior state court judgments involving the same matters.” 516 F.2d 1018, 1024 (3d Cir.1975). The question is whether this ease falls within the domestic relations exception to federal jurisdiction as articulated in
 
 Solomon.
 
 Although the court in
 
 Solomon
 
 found the exception applicable to that case, the court noted that “in a different case, in which the custody of no child was involved, in which there was neither pending state court action nor an agreement to litigate in the state courts, and in which there was no threat that a feuding couple would play one court system off against the other, we might well assume jurisdiction.”
 
 Solomon,
 
 516 F.2d at 1025. Likewise, then District Judge Becker held in
 
 Allen v. Allen
 
 that where none of the dangers cited in
 
 Solomon
 
 are present and “where all that is involved is a dispute over property, without more, and where what is sought is a money judgment, the federal courts will have jurisdiction.” 518 F.Supp. 1234, 1237 (E.D.Pa.1981).
 

 This case does not present the “dangers” cited in
 
 Solomon:
 
 there do not appear to be pending state actions (at least not that we know of) and the dispute does not involve the custody of a child. Rather, the dispute appears to be limited to plaintiffs attempt to enforce her rights under a
 
 *DCCXLVII
 
 contract, namely the Marital Settlement Agreement. The federal court, therefore, will exercise jurisdiction in this ease.